FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 26, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERESA RODAS AGUIRRE,<br><br>        Plaintiff,<br><br>v.<br><br>EASY AUTOMATION, INC., and JOHN DOES 1-10,<br><br>        Defendant. | NO. 4:24-CV-5040-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND DISMISSING JOHN DOE DEFENDANTS |

BEFORE THE COURT is Defendant's Motion for Partial Judgment on the Pleadings (ECF No. 18). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for Partial Judgment on the Pleadings (ECF No. 18) is DENIED.

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND DISMISSING JOHN DOE DEFENDANTS ~ 1

## BACKGROUND

This matter arises out of claims related to product liability. Plaintiff, a citizen of Washington, was seriously injured when she stepped on an exposed auger used to process cattle feed while working at Ruby Ridge Dairy, LLC, in Pasco, Washington. ECF No. 8 at 2–3, ¶¶ 3, 10, 11. Named Defendant is a corporation headquarter in Minnesota that is in the business of producing agricultural feed software, hardware, and automation. *Id.*, ¶¶ 4, 7. Plaintiff alleges that Defendant designed, manufactured, sold, and installed the feed automation software and hardware at Ruby Ridge Dairy, and that somewhere in the process, the automated system was defective in its design, manufacturing, installation, or warning, and was therefore unreasonably dangerous for its intended use. *Id.* at 3, ¶¶ 9, 10. Plaintiff specifically alleges that on September 21, 2021, she was performing her job when she stepped onto the augur, unaware that the augur was operating beneath cattle feed or that the protective guard had been dislodged. *Id.*, ¶ 11. Because the augur was part of the automation system, it could only be turned off via the control center which was located some distance from the area of the augur, resulting in both of her legs being severed. *Id.*, ¶ 10.

Defendant moves for judgment on the pleadings specifically on Plaintiff's claim of punitive damages, arguing it is improper under Washington state law. ECF No. 18 at 5. Plaintiff argues that it is too early to determine whether

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND DISMISSING JOHN DOE DEFENDANTS ~ 2

Washington or Minnesota law control the availability of punitive damages, and therefore dismissal is improper. ECF No. 19 at 3.

## DISCUSSION

A motion for judgment on the pleadings is governed by Federal Rule of Civil Procedure 12(c). "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted). In reviewing a 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, a court is not required to accept conclusory statements or legal conclusions couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)).

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND DISMISSING JOHN DOE DEFENDANTS ~ 3

1   The question currently before the Court is under which state law,
2   Washington, Minnesota, or some other state, will it consider punitive damages.
3   This matter was removed based on this Court's diversity jurisdiction pursuant to 28
4   U.S.C. § 1332(a)(1), because the current named parties are citizens of different
5   states and the amount in controversy likely exceeds $75,000.  As a federal court
6   sitting in diversity in Washington, this Court applies Washington's choice-of-law
7   rules.  *See Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2001).  Washington courts
8   will only engage in a choice-of-law analysis if there is actual conflict between
9   Washington law and the laws or interests of another state.  *FutureSelect Portfolio*
10  *Mgmt., Inc. Tremont Grp. Holdings, Inc.*, 180 Wash. 2d 954, 967 (2014).  Here,
11  Washington law permits punitive damages only when expressly permitted by
12  statute and Minnesota law permits punitive damages in civil actions upon a
13  showing a defendant acted with deliberate disregard for the rights or safety of
14  others.  *Compare Barr v. Interbay Citizens Bank*, 96 Wash. 2d 692, 697 (1982)
15  *with* Minn. Stat. § 549.20.  The Washington Product Liability Act ("WPLA") is the
16  exclusive remedy for product liability under Washington law and does not provide
17  for punitive damages.  *See Bylsma v. Burger King Corp.*, 176 Wash. 2d 555, 559
18  (2013) ("A 'product liability claim' under the WPLA preempts any claim or action
19  that previously would have been based on any 'substantive legal theory except
20  fraud, intentionally caused harm or a claim or action brought under the consumer

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS AND DISMISSING JOHN DOE DEFENDANTS ~ 4

protection act, chapter 19.86 RCW.' "); *Erickson v. Pharmacia LLC*, 31 Wash. App. 2d 100, 134, 548 P.3d 226, 247, *review granted sub nom. Erickson v. Pharmacia LLC.*, 556 P.3d 1098 (Wash. 2024) ("Because WPLA has not expressly authorized punitive damages, they are not authorized for WPLA claims under Washington law."). Thus, there is an actual conflict because if Washington law applies, then punitive damages are unavailable as a matter of law. =

If actual conflict exists, the Court applies the "most significant relationship" test. *FutureSelect*, 180 Wash. 2d at 967. Under this test, courts 1) "evaluate the contacts with each interested jurisdiction" and 2) "evaluate the interests and public policies of potentially concerned jurisdictions." *Id.* at 968. Courts evaluate four types of contacts for their relative importance to the injury at issue:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

*Barr,* 96 Wash. 2d at 697–98.

These factors are not meant to merely be counted, but rather, a court is to consider which contacts are the most significant and where they can be found. *Id*. at 688. However, under Washington state law, in personal injury cases, the law of

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND DISMISSING JOHN DOE DEFENDANTS ~ 5

the state where the injury occurred applies unless another state has a greater interest in determination of that particular issue. *Martin v. Goodyear Tire & Rubber Co.*, 114 Wash. App. 823, 829 (2003).

In the present matter, Washington is the place where the injury occurred, and it is also the nexus of the relationship between Plaintiff and Defendant. Defendant, on the other hand, is a citizen of Minnesota. The only contested contact is the place where the conduct causing the injury occurred. Plaintiff argues that the state where the automation system was designed will have the most significant contact, as the design of the system was the ultimate cause of injury. ECF No. 19 at 3. That place, be it Washington, Minnesota, or some other state, will be uncovered in discovery. *Id.* at 2. Defendant argues that Washington is the place where the conduct causing the injury occurred. ECF No. 20 at 5. Additionally, Plaintiff cites to WPLA in her First Amended Complaint to define Defendant as a production manufacturer. ECF No. 8 at 3.

However, the Washington State Supreme Court is wary to dismiss questions that turn on a choice of law at the Rule 12(b)(6) stage, as the analysis in a given case "depends upon the underlying facts of that case." *FutureSelect*, 180 Wash. 2d at 966, n.12 (quoting *Southwell v. Widing Transp., Inc.*, 101 Wash.2d 200, 204, (1984)). A Rule 12(c) motion functions similarly to a Rule 12(b)(6) motion. *Chavez*, 683 F.3d at 1108.

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND DISMISSING JOHN DOE DEFENDANTS ~ 6

While it currently appears that Washington has the most significant contacts with the injury, as the place of injury and Plaintiff's representation that Defendant installed the automated system at Ruby Ridge Dairy, which could lend to consideration of "the place where the conduct causing the injury occurred," the actual cause of product defect will come to light through the process of discovery. ECF No. 8 at 3. Furthermore, there are instances in Washington state caselaw where courts have found that the state in which the defective product was designed or manufactured is the place where the conduct causing the injury occurred. *See Rice v. Dow Chem. Co.*, 124 Wash. 2d 205, 215 (1994); *Zenaida-Garcia v. Recovery Sys. Tech., Inc.*, 128 Wash. App. 256, 263 (2005) (finding that the place that of action was the place where the product was designed). *But c.f. Barr*, 96 Wash. 2d at 699 ("Although Florida surely has an interest in applying punitive damages, under the circumstances in this case where it is apparent the immediate conduct causing the injury was by the Nevada agent of defendant, we believe the interest of Florida is subordinate to that of Washington."); *Martin*, 114 Wash. App. at 835 (concluding that Washington's interest in protecting individuals from injuries from defective products within its borders outweighs Oregon's interest in protecting a manufacturer whose product moved through the stream of commerce into Oregon and caused injury to a third party in another state).

In sum, without the benefit of more complete briefing regarding at which

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND DISMISSING JOHN DOE DEFENDANTS ~ 7

1  point the automation hardware and software may have actually caused the injury,
2  be it the actual design, the manufacturing, or the installation, the Court cannot
3  complete a full balancing of the interests of the states involved, including which
4  state has the greatest vested interest.

   Additionally, the Bench Trial Scheduling Order, ECF No. 15, required Plaintiff to identify and serve all John Doe Defendants by October 31, 2024.  No identification of these parties has been accomplished, and therefore John Doe Defendants 1–10 are dismissed from this action.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Partial Judgment on the Pleadings (ECF No. 18) is **DENIED**.  Defendant may renew a challenge to punitive damages at a later point in the discovery process.

2. John Doe Defendants 1–10 are hereby **DISMISSED** from this action.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and adjust the docket accordingly.

DATED November 26, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND DISMISSING JOHN DOE DEFENDANTS ~ 8