UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERESA RODAS AGUIRRE,<br><br>Plaintiff,<br><br>v.<br><br>EASY AUTOMATION, INC.,<br><br>Defendant. | NO. 4:24-CV-5040-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment (ECF No. 23). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Partial Summary Judgment (ECF No. 23) is DENIED.

//

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

# DISCUSSION

This matter arises out of an injury Plaintiff sustained at work. Plaintiff was a relatively new employee at Ruby Ridge Dairy, L.L.C., when she unknowingly stepped into an exposed augur, severing her legs. ECF 29 at 2, ¶ 3. As a result of her injury, pursuant to relevant Washington State law, Plaintiff receives Labor and Industries benefits. ECF No. 26 at 2. Plaintiff now moves for partial summary judgment to determine that her employer, Ruby Ridge Dairy, L.L.C. is not subject to liability for the injuries she sustained. ECF No. 23 at 3–4. Defendant argues that it is too soon in the discovery process to determine whether Ruby Ridge Dairy, L.L.C. acted with intent to injure Plaintiff at work. ECF No. 28 at 9.

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must only consider admissible evidence. *Orr v. Bank of America*, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

The Washington Industrial Insurance Act ("IIA") was established as the exclusive remedy for employees injured in the course of employment, providing swift and certain recovery, regardless of fault. RCW 51.04.010. The legislature provided one exception, allowing an employee to sue for deliberate injury inflicted by their employer:

> If injury results to a worker from the deliberate intention of his or her employer to produce such injury, the worker or beneficiary of the worker shall have the privilege to take under this title and also have cause of action against the employer as if this title had not been enacted, for any damages in excess of compensation and benefits paid or payable under this title.

RCW 51.24.020

Washington Courts have construed the "deliberate intention" requirement of the exception to include only cases where "the employer had actual knowledge that an injury was certain to occur" and the employer "willfully disregarded that knowledge." *Birklid v. Boeing Co.*, 127 Wash.2d 853, 865 (1995). This standard requires more than negligence, gross negligence, or failure to follow safety laws and procedures. *Vallandigham v. Clover Park Sch. Dist*. No. 400, 154 Wn.2d 16, 27, (2005).

For example, in *Birklid* and employer knowingly exposed employees to chemicals that would make them sick in the course of their work but chose not to invest in proper ventilation in order to save on costs, despite repeated complaints

1  from those exposed. 127 Wn.2d at 863. Critically, the court opined, "[i]n all the
2  other Washington cases, while the employer may have been aware that it was
3  exposing workers to unsafe conditions, its workers were not being injured until the
4  accident leading to litigation occurred. There was no accident here." *Id*. In
5  contrast, a minor worker whose hands were severely damaged after reaching into
6  an unprotected ice augur could not establish that her employer was certain that she
7  would be injured and willfully disregarded the information. *Schuchman v. Hoehn*,
8  119 Wn. App. 61, 72 (2003). Even when presented with information that the
9  employers stated they, "knew this was going to happen, [they] just didn't know
10 when," the court in *Schuchman* found that because the ice augur displayed multiple
11 warning signs and no one else had been injured before, the conduct did not rise
12 above gross negligence. *Id*.
13     Here, the Court largely agrees with Plaintiff that the hurdle set forth in
14 *Birklid* is intentionally high and therefore difficult to overcome. ECF No. 31 at 2.
15 However, without the benefit of a more robust discovery, what Ruby Ridge Dairy
16 knew at the time of the accident is effectively unknown, and therefore a question of
17 fact still remains. As a result, the Court denies summary judgment at this time but
18 will allow either party to renew this issue after more information is collected.
19 //
20 //

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (ECF No. 23) is **DENIED**.

2. Either party is granted leave to re-challenge the issue to offer a more completed briefing.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED March 20, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5